**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50286 |
| Plaintiff-Appellee, | D.C. No. 2:08-cr-00603-PA-1 |
| v. | |
| PAUL ALLEN DUSENBURY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted November 14, 2023**

Before:    SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Paul Allen Dusenbury appeals from the district court's judgment and

challenges the 18-month sentence imposed upon the second revocation of his

supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Dusenbury claims that the district court procedurally erred by (1) failing to

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

calculate or properly consider the Guidelines range, (2) failing to explain the sentence adequately, and (3) failing to consider applicable 18 U.S.C. § 3553(a) factors and instead basing the sentence on improper factors. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court used the undisputed Guidelines range as the starting point for the sentence, considered the applicable § 3553(a) factors, and explained that the above-Guidelines sentence was warranted in light of Dusenbury's poor history on supervised release notwithstanding the leniency afforded him. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). Moreover, the court based the sentence on only proper sentencing factors, including the need to deter future violations. *See* 18 U.S.C. §§ 3553(a), 3583(e); *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007). Finally, the record belies Dusenbury's claim that the district court imposed the sentence to promote his rehabilitation, in violation of *Tapia v. United States*, 564 U.S. 319 (2011).

Dusenbury also contends that the sentence is substantively unreasonable. In light of the § 3583(e) sentencing factors and the totality of the circumstances, however, the district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**